Appellant has been convicted of a violation of section 2040 of the Penal Law, for a willful and intentional failure to repair an electric refrigerator, installed by appellant in an apartment in a multiple dwelling. Judgment of conviction of the Court of Special Sessions of the City of New York, Borough of Brooklyn, reversed on the law and the facts, the information dismissed, and defendant discharged. The evidence is insufficient to establish a willful or intentional failure to repair, or that any repairs were necessary, or were requested by the tenant. Hagarty, Acting P. J., Cars-well, Adel and Nolan, JJ., concur; Johnston, J., dissents and votes to affirm the judgment, with the following memorandum: There was no testimony taken on the trial. The facts were stipulated. Implicit in the stipulation is a concession by the defendant that he was under an obligation by the lease or rental agreement to furnish the facility of a refrigerator; that he did, in fact, furnish the refrigerator; that thereafter repairs thereto became necessary, which repairs were requested by the tenant; and that the failure of defendant to make the repairs was willful. Defendant’s contention at the trial was that he was not obligated to make the repairs, and his sole contention on this appeal is that section 2040 of the Penal Law does not apply to the case at bar. Defendant was obligated to make the repairs (Herring v. Slattery & Bros., Inc., 291 N. Y. 794), and under section 2040 of the Penal Law his wilful failure to do so justified the court in finding him guilty of violating the statute. (People v. Rothenberg, 207 App. Div. 834.)